IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVONNE RESENDIZ,

    Plaintiff,

v.                                                      No. 10-CV-00007 MCA/KBM

THE UNITED STATES OF AMERICA and
PRESBYTERIAN HEALTHCARE SERVICES,
d/b/a PLAINS REGIONAL MEDICAL CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant, the United States of America's, *Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)*. [Doc. 8] The Court has considered the instant Motion, the memoranda and other papers filed in support of and in opposition to the Motion, the applicable law, and is otherwise fully advised. For the following reasons, the Court **grants** the United States of America's *Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)*. [Doc. 8]

**BACKGROUND**

Plaintiff, Ivonne Resendiz, filed her Complaint for Medical Negligence in the Second Judicial District Court of the State of New Mexico on October 20, 2009. [Doc. 1-1] Plaintiff alleged state law claims for medical malpractice and negligence against Defendants, Mazin Abdullah Al Saleh, M.D.("Dr. Al Saleh"), Presbyterian Healthcare Services, d/b/a/ Plains Regional Medical Center ("Presbyterian") and La Casa de Buena Salud, d/b/a/ La Casa Family

1

Health Center ("La Casa").  Plaintiff alleges that Dr. Al Saleh was employed by La Casa when he delivered Plaintiff's baby on November 22, 2006;  [Doc. 1-1 at 3] that Dr. Al Saleh negligently left a sponge inside Plaintiff's abdomen,  which he discovered during a follow-up visit on January 8, 2007; [Doc. 1-1 at 3] that Presbyterian was negligent in credentialing and granting hospital privileges to Dr. Al Saleh; [Doc. 1-1 at 7] and that La Casa was negligent in its hiring, training, supervision and discipline of Dr. Al Saleh. [Doc. 1-1 at 8]  Plaintiff alleges that she has experienced and will experience complications as the result of Dr. Al Saleh's negligence. [Doc. 1-1 at 4]

On January 5, 2010, the U.S. Attorney for the District of New Mexico certified that La Casa and Dr. Al Saleh were employees of the United States at the time of the incidents described in Plaintiff's Complaint. [Doc. 1-2] That same day, the United States filed a notice of removal, removing the action to this Court pursuant to 28 U.S.C.§ 2679(d) on the ground that under federal law La Casa and Dr. Al Saleh were deemed federal employees subject to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*("FTCA"), as of the dates of the acts of malpractice  and negligence alleged in Plaintiff's Complaint. [Doc. 1] On January 8, 2010, La Casa and Dr. Al Saleh filed an unopposed motion asking that the United States be substituted for them as the proper party.  [Doc. 6]  The Court granted La Casa and Dr. Al Saleh's motion for substitution of the United States on February 16, 2010.  [Doc. 16]

**DISCUSSION**

    **1.**    **Defendant United States**

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . . ."  28 U.S.C. § 2675(a). The presentment requirement of § 2675(a) is jurisdictional and cannot be waived. *Bradley v. United States ex rel. Veterans Administration*, 951 F.2d 268, 270 (10th Cir. 1991).

Pursuant to the Public Health Service Act, 42 U.S.C. § 201 *et seq*, as amended by the Federally Supported Health Centers Assistance Act of 1992, otherwise private healthcare providers and their employees may be deemed employees of the Public Health Service subject to the FTCA for purposes of medical malpractice claims. 42 U.S.C. § 233(g); *Beato ex rel Santos v. United States*, 559 F.3d 189, 191-92 (3d Cir. 2009). Medical malpractice and negligence claims against such providers and their employees are subject to the provisions of the FTCA, including the administrative presentment requirement of § 2675(a). *Wilder v. Luzinski*, 123 F. Supp. 2d 312 (E.D. Pa. 2000).[1] With respect to providers and their employees who are deemed federal employees pursuant to § 233(g), the "appropriate Federal agency" for purposes of § 2675(a) is the Department of Health and Human Services ("DHHS"). *Gonzalez v. United States*, 284 F.3d 281, 287 n.7 (1st Cir. 2002).

In support of its motion to dismiss, the United States submitted (1) two letters from the DHHS to La Casa deeming La Casa and its full and part time employees to be employees of the

---

[1] Because the federal deeming process ordinarily is not a matter of public knowledge, the victims of medical malpractice committed by deemed healthcare providers may not realize that the ostensibly private healthcare providers have been deemed federal employees and that malpractice claims against such providers are subject to the procedural requirements of the FTCA. *Beato,* 559 F.3d at 200-03 (noting difficulty of determining that healthcare provider has been deemed a federal employee); *see generally* Richard W. Bourne, *A Day Late, A Dollar Short: Opening a Governmental Snare Which Tricks Poor Victims out of Medical Malpractice Claims*, 62 U. Pitt. L. Rev. 87 (2000).

Public Health Service for purposes of the FTCA for calendar years 2006 and 2007 [Doc. 9-1] and (2) the Declaration of Meredith Torres, a Senior Attorney with DHHS, who avers that a search of DHHS's computerized claims database shows no record of a claim by Plaintiff against La Casa or Dr. Al Saleh. [Doc. 9-2] In her response to the United States' motion to dismiss, Plaintiff does not dispute the United States' assertion that La Casa and Dr. Al Saleh were deemed federal employees at the time of the events alleged in the Complaint, nor does she assert that she submitted an administrative claim to the DHHS. The Court finds that La Casa was deemed a federal employee for calendar years 2006 and 2007 pursuant to the deeming letters from DHHS; that Dr. Al Saleh was deemed a federal employee for calendar years 2006 and 2007 by operation of 42 U.S.C. § 233(g)(1)(A) (2003); and, that Plaintiff did not submit an administrative claim to DHHS. Therefore, unless Plaintiff's claims fall with some exception to § 2675(a), her claims against the United States, which has been substituted for La Casa and Dr. Al Saleh, must be dismissed for want of subject matter jurisdiction.

Plaintiff's sole argument in opposition to the United States' motion to dismiss is that La Casa and Dr. Al Saleh are equitably estopped from relying on § 2675(a)'s presentment and exhaustion of administrative remedies requirements. Plaintiff's response erroneously assumes that La Casa and Dr. Al Saleh are the parties against whom an estoppel would run. [Doc. 11 at 1, 3] However, by operation of 28 U.S.C. § 2679(d)(2), Plaintiff's action became an action against the United States upon the U.S. Attorney's certification that La Casa and Dr. Al Saleh were acting within the scope of their federal employment at the times of the incidents alleged in the complaint. Plaintiff did not contest the U.S. Attorney's scope-of-employment certification, see *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995), nor did she oppose La Casa and Dr. Al Saleh's subsequent motion to have the United States formally substituted in their places.

4

As noted above, the Court granted La Casa and Dr. Al Saleh's motion, substituting the United States in place of La Casa and Dr. Al Saleh. Thus, in view of the unchallenged substitution of the United States for La Casa and Dr. Al Saleh, the dispositive question is whether the *United States* can be equitably estopped from asserting Plaintiff's complete failure to comply with § 2675(a) as a jurisdictional defense.

Plaintiff cites a number of cases for the proposition that the requirements of § 2675(a) are subject to equitable estoppel. However, on careful examination none of the cases cited by Plaintiff's response [Doc. 11 at 3-9] directly supports the proposition that a court entertaining a FTCA suit may equitably estop the United States from asserting as a jurisdictional defense the plaintiff's complete failure to comply with § 2675(a). *Leong v. Potter*, 347 F.3d 117, 1123 (9th Cir. 2003), is not a FTCA case. A more apt Ninth Circuit case is *Burns v. United States*, 764 F.2d 722 (9th Cir. 1985) (rejecting argument that the United States can be equitably estopped from asserting the insufficiency of an administrative claim under § 2675(a)). In *Goodhand v. United States*, 40 F.3d 209 (7th Cir. 1994), the question of whether the plaintiff was excused from presenting an administrative claim was not before the court, since the plaintiff clearly had filed a claim with the appropriate federal agency. In *Benge v. United States*, 17 F.3d 1286 (10th Cir. 1994), the issue before the Court of Appeals was whether the appellants had waited too long after the denial of their administrative claims in bringing their lawsuit, not whether they had filed an administrative claim. 17 F.3d at 1288 (quoting 28 U.S.C. § 2401(b)). In *Industrial Constructors Corporation v. United States Bureau of Reclamation*, 15 F.3d 963 (10th Cir. 1994), the Court of Appeals affirmed the dismissal of the plaintiffs' FTCA claim based upon their failure to file an administrative claim prior to filing their lawsuit: "We conclude that Plaintiffs' failure to file an administrative claim prior to filing this cause of action bars this suit. . . ." 15

F.3d at 968. In *Pipkin v. United States Postal Service*, 951 F.2d 272 (10th 1991), the husband and wife plaintiffs brought tort claims against the United States Postal Service. The Court of Appeals summarily affirmed the dismissal of the wife's claim due to her failure to submit an administrative claim as required by the FTCA. As to the husband, the Court of Appeals affirmed on the ground that he had waited too long after the denial of his administrative claim in bringing his lawsuit. In *Zavala v. United States*, 876 F.2d 780 (9th Cir. 1989), the jurisdictional requirement of administrative presentment of the claim was not in issue as there was no dispute that the claimant's guardian ad litem had submitted an administrative claim to the appropriate federal agency. In *Chamness v. United States*, 835 F.2d 1350 (11th Cir. 1988), presentment does not appear to have been in issue. *Hagen v. Faherty*, 133 N.M. 605 (Ct. App. 2003), was a New Mexico case arising under New Mexico law and applying equitable estoppel against a state employee, not a federal employee. Plaintiff has not cited, and the Court has not found, any authority suggesting that the question of whether the United States can be estopped from asserting the plaintiff's non-compliance with § 2675(a) is determined by reference to state law. *Cf. In re Franklin Savings* Corp., 385 F.3d 1279, 1288 (10th Cir. 2004)(rejecting application of Kansas saving statute to extend FTCA statute of limitations; noting that Court had held on two prior occasions that "a state savings statute has no applications to tort claims brought against the United States").

    Recent cases authorities demonstrat that the Court of Appeals continues to rigorously enforce § 2675(a). *E.g.*, *Boehme v. United States Postal Serv.*, 343 F.3d 1260 (10th Cir. 2003); *D'Addabbo v. United States*, 316 Fed. Appx. 722 (10th Cir. 2008); *Coffman v. United States*, 270 Fed. Appx. 744 (10th Cir. 2008); *Roberts v. Paulson*, 263 Fed. Appx. 745 (10th Cir. 2008); *Greenlee v. United States Postal Service*, 247 Fed. Appx. 953 (10th Cir. 2007). Plaintiff has

not cited, and the Court has not found, any decision of the Court of Appeals suggesting that the Court of Appeals would endorse application of equitable estoppel to preclude the United States from asserting Plaintiff's complete failure to comply with § 2675(a) as a defense to this FTCA action.

Even if equitable estoppel could be applied to estop the United States with respect to a jurisdictional issue, a proposition about which the Court has considerable doubt, *see Peacock v. United States*, 597 F.3d 654, 660 (5th Cir. 2010) (observing that "the United States may not be subject to estoppel as to matters that would establish jurisdiction in a suit to which the Government has not consented"; declining to apply equitable estoppel to preclude the United States in FTCA action from denying that physician was not an employee of the United States), Plaintiff has not made out a colorable case for estoppel.

In her response, Plaintiff has gone outside the pleadings by attaching her own affidavit in support of her claim of equitable estoppel. "A court has wide discretion to allow affidavits[] [and] other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Since Plaintiff's estoppel argument goes to the question of whether she is excused from compliance with § 2675(a) and is not intertwined with the underlying merits of her state-law claims of medical negligence against the United States and its employees, the Court's consideration of extrinsic evidence does not require the Court to convert the United State's Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *See Gonzalez*, 284 F.3d at 287 ("A jurisdictional issue is intertwined with the merits where the court's subject matter jurisdiction depends upon the same statute that governs the substantive claims in the case. While the FTCA also provides the basis for the cause of action here, it is clear that the facts relevant to the determination of subject matter jurisdiction do not go

directly to the merits of the plaintiff's claim.") (citation omitted).  Moreover, the Court need not actually resolve any factual matters placed in dispute by Plaintiff's affidavit to dispose of the United States' motion to dismiss because it is clear as discussed below that even if the Court were to resolve the disputed issues of fact in Plaintiff's favor, and accept Plaintiff's "Additional Undisputed Material Facts" as established, the facts asserted by Plaintiff are insufficient as a matter of law to support equitable estoppel against the United States.

"[W]inning an equitable estoppel argument against the government is a tough business. Courts generally invoke estoppel against the government 'only when it does not frustrate the purpose of the statutes expressing the will of Congress or unduly undermine the enforcement of the public laws.'" *Wade Pediatrics v. Dept. Health and Human Serv.*, 567 F.3d 1202, 1206 (10th Cir. 2009) (quoting *FDIC v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)). In addition to the traditional elements of estoppel, estoppel against the government requires the party asserting estoppel to demonstrate that the government engaged in "affirmative misconduct." *Id.*; *Lurch v. United States*, 719 F.2d 333, 342 n.12 (10th Cir. 1983).  "Affirmative misconduct is a high hurdle for the asserting party to overcome.  Affirmative misconduct means an affirmative act of misrepresentation or concealment of a material fact." *DePaolo v. United States*, 45 F.3d 373, 377 (10th Cir. 1995) (citation and internal quotation marks omitted). Although the "Additional Undisputed Material Facts" set out in Plaintiff's Response [Doc. 11 at 2-3] suggest that Plaintiff's personal[2] failure to recognize that La Casa and Dr. Al Saleh had been deemed employees of the Public Health Service may have been reasonable, they do not establish the

---

[2]The record contains no information pertaining to when Plaintiff retained counsel and counsel's efforts to determine whether La Casa and Dr. Al Saleh were deemed federal employees.

requisite "affirmative misconduct" by the United States. Even accepting all of Plaintiff's Additional Undisputed Material Facts as true, those facts establish nothing more than a failure to disclose the deemed federal employment status of La Casa and Dr. Al Saleh. Entities deemed federal employees pursuant to § 233(g) are under no duty to disclose their and their employees' deemed federal status. *Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 678 n.11 (N.D. W. Va. 2010). Dr. Al Saleh's wearing a Presbyterian ID badge while exercising hospital privileges granted to him by Presbyterian is akin to the "failure to have observable differences between physicians employed by the [government] and employees of independent contractors," conduct which the Court of Appeals concluded was inadequate to support equitable estoppel against the United States in *Lurch*, 719 F.2d at 340. In view of the absence of a duty to disclose, the United States' failure to inform patients of La Casa's and its employee's federal status cannot be equated with the affirmative misconduct required to support estoppel against the United States. *See Lurch*; *see also Ingram ex rel. T.L. v. United States*, 443 F.3d 956, 964 (8th Cir. 2006) (declining to equitably toll the time limits of 28 U.S.C. § 2401(b); observing that government had not mislead, deceived, or otherwise hidden the legal identity of the defendants as federal employees).

Plaintiff filed suit against deemed employees of the Public Health Service without first presenting a claim to DHHS, as required by § 2675(a). In view of this non-waivable jurisdictional defect, the Court must grant the United States' Rule 12(b)(1) motion, dismissing Plaintiff's case. However, the dismissal will be without prejudice (except as to the Court's determination that Plaintiff's presently-existing failure to exhaust her administrative remedies deprives this Court of jurisdiction). *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006) (reaffirming principle that dismissal on jurisdictional grounds should be without

prejudice).  The Court expresses no opinion as to whether Plaintiff yet may exhaust her administrative remedies, *see Beato*, 559 F.3d at 192 (recounting procedural history of case; observing that plaintiff, upon discovering that defendants were deemed federal employees, dismissed her original lawsuit in order to bring an administrative claim as required by § 2675(a)); or whether the time limit for filing an administrative claim imposed by 28 U.S.C. § 2401(b) would be subject to equitable tolling in a subsequent FTCA action, *compare Beato* (reversing summary judgment in favor of United States; holding that FTCA statute of limitations should have been equitably tolled in view of plaintiff's reasonable diligence in pursuing malpractice claim coupled with the difficulty of determining that child's healthcare provider had been deemed federal employee pursuant to the Public Health Service Act) *with Gonzales*, 284 F.3d at 291-92 (rejecting medical malpractice  plaintiff's argument that the FTCA's statute of limitations should be tolled because "she did not know and could not have known that the defendants were federal employees";  finding a "clear lack of due diligence on the part of the plaintiff and her attorneys").

> **2.    Defendant Presbyterian**

The substitution of the United States for Defendants La Casa and Dr. Al Saleh coupled with the Court's dismissal of the Complaint as to the United States leaves the Court with a purely state-law claim against Presbyterian. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over this remaining claim. *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

**CONCLUSION**

> For the foregoing reasons, the Complaint and this action will be dismissed as to all

Defendants. The dismissals will be without prejudice.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that United States of America's *Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).* [Doc. 8] is **granted**, and that the Complaint and this action are dismissed without prejudice as to Defendant, United State of America.

**IT IS FURTHER ORDERED** that the Complaint and this action are dismissed without prejudice as to Defendant, Presbyterian Healthcare Services, d/b/a/ Plains Regional Medical Center.

So ordered this 28th day of May, 2010.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE